UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:99-cv-00133-GCM
(CRIMINAL CASE NO. 3:94-cr-00139-1-MU)

| | |
|---|---|
| REGINALD W. LINDSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate the Court's Order denying Petitioner's motion to vacate pursuant 28 U.S.C. § 2255 [CV Doc. 4],[1] which the Court will construe as a motion to reconsider under Federal Rule of Civil Procedure 60(b).

## I. BACKGROUND

On February 17, 1995, Petitioner Reginald Lindsey pleaded guilty to one count of aiding and abetting the use of fire and explosive materials to commit a felony in violation of 18 U.S.C. §§ 844(i) and 2. [CR Doc. 1, 35; 2/17/1995 CR Docket Entry; see CR Doc. 44]. Petitioner was sentenced to a term of imprisonment of 60 months. [CR Doc. 35]. The Judgement did not mention whether the federal sentence was to run concurrently with or consecutively to any future related state court sentence. [Id. at 2]. Judgment on Petitioner's conviction was entered on September 18, 1995. [Id.]. Petitioner did not file a direct appeal.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:99-cv-00133-GCM, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:94-cr-00139-1-MU.

On August 17, 1998, and April 7, 1999, respectively, Petitioner filed motions to correct his sentence to reflect that his federal and state sentences would run concurrently. [CR Docs. 40, 41]. On April 7, 1999, before the Court ruled on his motions to correct his sentence, Petitioner filed a pro se motion to vacate pursuant to 28 U.S.C. § 2255. [CR Doc. 42]. In that motion, he argued that he received ineffective assistance of counsel because he "was advised by [his] attorney that any sentence [he] received in Federal Court would in all likelihood run concurrent with [his] State sentence." [CV Doc. 1 at 7]. On April 19, 1999, the Court granted Petitioner's motions to correct his sentence, noting that the Government agreed in Petitioner's plea agreement to recommend that his federal sentence be entered concurrently," and, "[t]hus, it appears that the failure to impose a concurrent sentence was simply an inadvertent omission." [CR Doc. 43]. On April 23, 1999, the Court denied Petitioner's motion to vacate under § 2255, finding it time barred under the AEDPA and noting it was moot in any event because the Court had reentered Petitioner's Judgment "to allow his federal and state sentences to run concurrently." [CV Doc. 2].

Now pending is Petitioner's motion under Rule 60(b) to reconsider the Court's denial his § 2255 motion to vacate.[2] [CV Doc. 4]. As grounds, Plaintiff argues that the denial of his § 2255 motion was "procured by fraud on the court." [Id. at 1]. Petitioner claims that his attorney filed the purportedly pro se motion "without Petitioner's permission" and forged Petitioner's signature. [Id.]. Petitioner argues that by filing the motion advancing only a single claim without Petitioner's permission, his attorney "prevented Petitioner from challenging his

---

[2] In his motion, Petitioner asks the Court to vacate "the judgment entered by this Court on April 19, 1999." [CV Doc. 4 at 1]. The only Order entered on April 19, 1999, however, was the Court's Order granting Petitioner's motions to reduce his sentence. [See CR Doc. 43]. Because Petitioner's motion to reconsider is in substance aimed at and seeks reconsideration of the Order on his § 2255 motion to vacate, the Court assumes April "19" is a typographical error.

2

conviction on other grounds[.]" [Id. at 2]. Petitioner, however, does not state what challenges he was foreclosed form advancing. [See CV Doc. 4]. Petitioner submits several "sample signatures" with his motion to demonstrate the alleged forgery. [See CV Doc. 4-1]. For relief, Petitioner wants his attorney "to be held to account for forging [Petitioner's signature]" and for the Court to vacate the Order denying his § 2255 motion and order an evidentiary hearing "to determine the facts behind who executed Petitioner's signature." [CV Doc. 4 at 2, 4].

## II. DISCUSSION

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud…, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged…; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Rule "codifies inherent judicial powers that were previously exercised through a gaggle of common-law writs, which the rule abolishes." United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003). "[A] Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). "Therefore, before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious [claim], [and] a lack of unfair prejudice to the opposing party." Id. (citing Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing id.). As to timeliness, a Rule 60(b) motion "must be

3

made within a reasonable time," and for reasons (1), (2), and (3) no more than a year after entry of judgment. Fed. R. Civ. P. 60(c)(1). When seeking relief under Rule 60(b)(6), the movant must also "show extraordinary circumstances justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (internal quotation marks and alteration omitted.").

While Rule 60(b) is a rule of civil procedure, it applies to proceedings filed under 28 U.S.C. § 2255 "to the extent that [it is] not inconsistent with" applicable statutory provisions and rules. Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts; Gonzales, 545 U.S. at 534 ("Rule 60(b) has an unquestionably valid role to play in habeas cases."). Rule 4(b) of the Rules Governing Section 2255 Proceedings, on the other hand, provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether the petitioner is entitled to any relief on the claims set forth therein. A Court may resolve a motion to vacate if, after examining the record, it determines it can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a Section 2255 motion). Regarding Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated:

> a motion directly attacking the prisoner's conviction or sentence
> will usually amount to a successive application, while a motion
> seeking a remedy for some defect in the collateral review process
> will generally be deemed a proper motion to reconsider.

Id. at 207.

Here, Petitioner contends that the Court's Order denying his § 2255 motion to vacate was obtained by fraud because his attorney forged his signature on and filed the purportedly pro se motion without Petitioner's permission. The Court finds that Petitioner's pending motion is properly consider under Rule 60 because he attacks a defect in the collateral review process rather than his conviction or sentence.

As noted, Rule 60(c)(1) requires that a Rule 60(b) motion must be made "within a reasonable time" after entry of judgment and sets one year as the outer limit of reasonableness when relief is sought based on excusable neglect, mistake, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(c)(1); see Williams v. Tero Tek Intern., Inc., No. JKB-10-2752, 2013 WL 1156055, at *1 (D. Md. Mar. 20, 2013) (noting that the one-year time limit set in Rule 60(c) "is merely the outer limit within which such motion may be presented"); Holland v. Virginia Lee Co., Inc., 188 F.R.D. 241, 248 (W.D. Va. July 23, 1999) (Rule 60(b) motions "must be made 'within a reasonable time,' with the further requirement that motions brought under subsections (1) through (3) of the rule be made not more than one year after judgment is entered"). Petitioner has the burden to show timeliness. Werner, 731 F.2d at 206-07.

The Fourth Circuit has "held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (citing Central Operating Co. v. Utility Workers of America, 491 F.2d 245 (4th Cir. 1974), and Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th

5

Cir. 1967)).  See also, Wittenberg v. First Independent Mortg. Co., 599 Fed. App'x 463, 471 (4th Cir. 2013) (affirming denial of Rule 60(b) motion as untimely where it was filed nine months after disputed order and movant "[presented] no compelling explanation" for the delay).  This Court has previously held that, because the purpose of Rule 60(b) is "to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal," "a reasonable time for filing a Rule 60(b) motion should not exceed that allowed for an appeal." Ferguson v. United States, 186 F.R.D. 340, 341 (W.D.N.C. Mar. 16, 1999) (finding Rule 60(b) motion untimely where not filed within 60-day appeal window) (internal citation omitted); see Bradley v. United States, 51 F.Supp.2d 696, 697 (W.D.N.C. Mar. 24, 1999) (finding Rule 60(b) motion filed within time to file a notice of appeal timely).  Petitioner's motion to reconsider, which he filed nearly 25 years after the denial of his motion to vacate, is clearly untimely and Petitioner alleges no excuse or explanation for such delay. Petitioner, therefore, fails the first hurdle to relief under Rule 60(b).

Petitioner also fails to show that he has a meritorious claim or defense such that granting the relief he seeks would affect a different outcome. See Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990) ("Under all the provisions of Rule 60(b), a threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim.").  That is, the motion to vacate Petitioner's attorney allegedly "fraudulently" submitted on Petitioner's behalf was time barred under the AEDPA.  Any claims Petitioner could or would have submitted in its place would have also been so barred and Petitioner fails to allege what claims he was prevented from advancing in

any event.[3] Accordingly, Petitioner has also failed to overcome the second hurdle to relief under Rule 60(b).[4] Because Petitioner has failed to overcome the threshold requirements to relief under Rule 60(b), the Court will deny his motion.

## III. CONCLUSION

For these reasons, the Court will deny Petitioner's motion to reconsider the Court's Order denying his motion to vacate under 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion [Doc. 4] is **DENIED.**

Signed: March 18, 2024

Graham C. Mullen
United States District Judge

---

[3] The Court also notes that Petitioner has long since served his sentence and been released from custody on the underlying charge. Petitioner does not allege how vacating the Order denying his motion to vacate would have any impact on his status.

[4] The Court declines to address the requirement that Petitioner show that the Government would not suffer unfair prejudice if the judgment were set aside, as these first threshold elements are so plainly lacking.