UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:99-cv-00133-GCM
(CRIMINAL CASE NO. 3:94-cr-00139-1-MU)

| | |
|---|---|
| REGINALD W. LINDSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Correct Judgment Under Rule 59(e)." [Doc. 6].

On February 17, 1995, Petitioner Reginald Lindsey pleaded guilty to one count of aiding and abetting the use of fire and explosive materials to commit a felony in violation of 18 U.S.C. §§ 844(i) and 2. [Criminal Case No. 3:94-cr-139-1-MU ("CR"), Doc. 1, 35; 2/17/1995 CR Docket Entry; see CR Doc. 44]. Petitioner was sentenced to a term of imprisonment of 60 months. [CR Doc. 35]. The Judgement did not mention whether the federal sentence was to run concurrently with or consecutively to any future related state court sentence. [Id. at 2]. Judgment on Petitioner's conviction was entered on September 18, 1995. [Id.]. Petitioner did not file a direct appeal.

On August 17, 1998, and April 7, 1999, respectively, Petitioner filed motions to correct his sentence to reflect that his federal and state sentences would run concurrently. [CR Docs. 40, 41]. On April 7, 1999, before the Court ruled on his motions to correct his sentence, Petitioner filed a pro se motion to vacate pursuant to 28 U.S.C. § 2255. [CR Doc. 42]. In that motion, he

argued that he received ineffective assistance of counsel because he "was advised by [his] attorney that any sentence [he] received in Federal Court would in all likelihood run concurrent with [his] State sentence." [CV Doc. 1 at 7]. On April 19, 1999, the Court granted Petitioner's motions to correct his sentence, noting that the Government agreed in Petitioner's plea agreement to recommend that his federal sentence be entered concurrently," and, "[t]hus, it appears that the failure to impose a concurrent sentence was simply an inadvertent omission." [CR Doc. 43]. On April 23, 1999, the Court denied Petitioner's motion to vacate under § 2255, finding it time barred under the AEDPA and noting it was moot in any event because the Court had reentered Petitioner's Judgment "to allow his federal and state sentences to run concurrently." [CV Doc. 2].

Petitioner recently moved the Court to reconsider its denial of his § 2255 motion to vacate. [CV Doc. 4]. As grounds, Plaintiff argued that the denial of his § 2255 motion was "procured by fraud on the court." [Id. at 1]. Petitioner claimed that his attorney filed the purportedly pro se motion "without Petitioner's permission" and forged Petitioner's signature. [Id.]. Petitioner argued that by filing the motion advancing only a single claim without Petitioner's permission, his attorney "prevented Petitioner from challenging his conviction on other grounds[.]" [Id. at 2]. Petitioner, however, failed to state what challenges he was foreclosed form advancing. [See CV Doc. 4]. For relief, Petitioner wanted his attorney "to be held to account for forging [Petitioner's signature]" and for the Court to vacate the Order denying his § 2255 motion and order an evidentiary hearing "to determine the facts behind who executed Petitioner's signature." [CV Doc. 4 at 2, 4]. Construing Petitioner's motion under Rule 60(b), the Court denied Petitioner's motion to reconsider as untimely and for his failure to clear the threshold requirements for relief under Rule 60(b). [Doc. 5]. That is, Petitioner did not

file his motion until nearly 25 years after the denial of his motion to vacate and he failed to show "he has a meritorious claim or defense such that granting the relief he seeks would affect a different outcome" because the motion to vacate his attorney allegedly "fraudulently" submitted on Petitioner's behalf was time barred under the AEDPA and Petitioner failed to allege what claims he was prevented from advancing in any event. [Id. at 5-7]. Moreover, the Court noted that Petitioner has long since served his sentence and been released from custody on the relevant charge. [Id. at 7 n.3].

Petitioner now moves the Court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to reconsider its Order denying Plaintiff's Rule 60 motion. [Doc. 6]. As grounds, Petitioner argues that the Court committed a clear error of law because "nowhere did the Court ever mention Rule 60(d)(3)," which allows the Court to set aside a judgment "at any time" for fraud on the court. [Id. at 2 (citation omitted)]. Petitioner further argues that he wanted to raise a claim of "actual innocence … if not precluded by counsel's actions," which "provides a gateway to federal habeas review of cases filed outside the one-year statute of limitations." [Id. at 2].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that

3

"[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Rule 60(d)(3) gives the Court the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Motions under Rule 60(d) must be made "within a reasonable time" of discovery of the alleged fraud. Apotex Corp. v. Merck & Co., Inc., 507 F.3d 1357, 1361 (Fed. Cir. 2007). Further:

> Fraud upon the court…requires rigorous proof, as do other challenges to final judgment, lest the finality established by Rule 60(b) be overwhelmed by continuing attacks on the judgment…. Fraud upon the court is typically limited to egregious events such as bribery of a judge or juror or improper influence exerted on the court, affecting the integrity of the court and its ability to function impartially.

Id. (citations omitted).

Even if considered under Rule 60(d), Petitioner's motion was still untimely. As noted, he filed it more than 25 years after the entry of judgment and offered no excuse or explanation for this substantial delay. Moreover, the facts on which Petitioner purports to base his motion have been known or knowable to him for roughly the same amount of time. As such, Petitioner did not bring his previous motion within a reasonable time of learning of any alleged fraud. See Menashe v. Sutton, 90 F.Supp. 531, 533 (S.D.N.Y. 1950) (holding that motion made 28 months after rendition of judgment on ground that the judgment was procured by fraud on the court was untimely). The Court, therefore, would have also denied Petitioner's Rule 60 motion as untimely had it considered it under Rule 60(d)(3). Therefore, even if the Court erred in considering Petitioner's motion under Rule 60(b), instead of Rule 60(d)(3), it was nonetheless untimely and

4

was properly denied. The Court will, therefore, deny Plaintiff's pending motion under Rule 59(e).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Correct Judgment Under Rule 59(e) [Doc. 6] is **DENIED**.

**IT IS SO ORDERED**.

Signed: April 22, 2024

Graham C. Mullen
United States District Judge

5

Case 3:99-cv-00133-GCM   Document 7   Filed 04/22/24   Page 5 of 5